24-1128-pr
*Jackson v. Fiorini*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

TORRANCE JACKSON,

> *Plaintiff-Appellant*,

v.                                                                          24-1128-pr

POLICE OFFICER ANTHONY FIORINI,

> *Defendant-Appellee*,

THE CITY OF SYRACUSE, POLICE OFFICER MAMOUN ABRAHAM, POLICE OFFICER WILLIAM KITTLE, LIEUTENANT DAVID PROCCOPIP,

> *Defendants*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | FRED LICHTMACHER, The Law Office of Fred Lichtmacher P.C., New York, NY |
| For Defendant-Appellee: | DANIELLE R. SMITH (Todd M. Long, *on the brief*), Office of the Corporation Counsel, City of Syracuse, Syracuse, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Torrance Jackson appeals from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*), entered on March 5, 2024, in favor of Defendant-Appellee Anthony Fiorini. Jackson brought this suit pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that Fiorini and several other Defendants violated his Fourth and Fourteenth Amendment rights by subjecting him to excessive force, and by failing to intervene to prevent the use of excessive force by others, during and after an investigatory traffic stop that led to his arrest. Jackson claims that Fiorini and other officers of the Syracuse Police Department punched him, pepper sprayed him, and improperly subjected him to a colonoscopy procedure without reason to believe he was hiding drugs internally. In an order dated August 20, 2021, the district court granted in part and denied in part the Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and the action proceeded only with respect to certain aspects of Jackson's claims against Fiorini. Then, after the close of discovery, the district court granted summary judgment for Fiorini on Jackson's remaining claims. Special App'x at 1–48. Jackson now appeals, challenging the district court's grant of summary judgment. We assume the parties' familiarity with the case.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). Summary judgment is appropriate when "there is no genuine dispute as

2

to any material fact and the movant is entitled to judgment as a matter of law." *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022) (internal quotation marks omitted).

Having conducted a *de novo* review of the record in light of the applicable law, we discern no error in the district court's grant of summary judgment. Jackson asserts that Fiorini violated his constitutional rights during the investigatory traffic stop and arrest, when he was being transported to the Onondaga County Justice Center, when he was in a holding cell and in a strip search room at the Justice Center, and when he was restrained and subjected to a colonoscopy at St. Joseph's Hospital. Prior to this appeal, however, Jackson admitted that no force was used against him during the traffic stop or while he was being transported to the Justice Center. Moreover, video recordings show that, contrary to Jackson's claims, Fiorini did not forcefully touch the right side of his body in the holding cell; and that Fiorini was not even present in the room when Jackson was strip-searched. The uncontroverted evidence shows that the sigmoidoscopy was performed pursuant to a warrant, and Jackson did not provide any evidence that Fiorini made any deliberate misrepresentations to obtain that warrant. On appeal, Jackson cites no evidence presenting triable issues of fact as to whether Fiorini used excessive force against him, or failed to intervene to prevent fellow officers from using excessive force against him, at any stage following his arrest. Accordingly, for substantially the reasons given by the district court, we affirm its grant of summary judgment for Fiorini.

\* \* \*

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk